# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK MERCHANT, | : | CIVIL NO: 3:15-CV-2192 |
| Petitioner, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| MARY SABOL, *et al*. | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**I.     Introduction.**

On November 17, 2015, the petitioner, Roderick Merchant ("Merchant"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Merchant challenges his continued detention by Immigration and Customs Enforcement ("ICE") and requests that this Court order his immediate release. Because Merchant has been released and removed from the United States, this habeas corpus case is moot.  Accordingly, we recommend that the petition be dismissed.

**II.     Factual Background and Procedural History.**

Merchant, a native of Antigua and Barbuda, first entered the United States in March of 1978 as an eighteen year-old child of a non-immigrant temporary worker. *Doc. 12* at 1.  Merchant's petition reveals that in the years after 1978, Merchant

fell into a familiar pattern of criminal behavior and incarceration. *Doc. 1* at 3-4. Between April of 1980 and April of 2009, Merchant was apprehended by law enforcement on no fewer than 20 occasions, many of which were for drug and weapons related offenses. *Docs. 1* at 3-4, *7-2* at 14-16. Furthermore, Merchant has been removed from the United States twice before: once in April of 1985 and again in April of 1992. *Doc. 1* at 3-4. In both instances Merchant surreptitiously reentered the county within one or two months. *Id.* Most recently, the United States District Court for the District of New Jersey convicted Merchant of illegal reentry and sentenced him to 63 months of incarceration. *Id.* at 4. ICE took custody of Merchant in March of 2015, after the conclusion of his sentence. *Id.* Merchant maintains in his petition that more than six months have elapsed since his final order of removal on May 12, 2015. *Id.* at 4-5.

On March 30, 2016, the respondents filed a status report[1] pursuant to an order (*doc. 18*) from this Court. *Doc. 19*. Per respondents, Merchant was removed from the United States on March 24, 2016. *Docs. 19* at 2, *19-1* at 1-2. Because Merchant has already obtained his requested relief, the respondents argue that the

---

[1] The respondents had earlier filed a response to Merchant's petition for habeas corpus in which they defended the constitutionality of Merchant's continued detention. *See Doc. 7*. Merchant's subsequent release from custody and removal from the United States has obviated any need to consider the respondents' arguments.

case should be dismissed as moot.[2] *Doc. 19* at 2-4.  For the reasons set forth below, the Court agrees and recommends that Merchant's petition be dismissed.

**III.     Merchant's Petition for a Writ of Habeas Corpus is Moot.**

The judicial branch of the United States, like the executive or legislative departments, is one of limited powers.  *Citizens' Sav. & Loan Ass'n v. City of Topeka*, 87 U.S. 655, 663 (1874).  Article III of the Constitution conditions the exercise of federal judicial power "upon the existence of a case or controversy." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotation marks omitted).  The mere fact that a dispute existed when the plaintiff filed the action does not suffice to support federal court jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  In fact, "only actual, ongoing cases or controversies" satisfy the threshold requirements of Article III.  *Id.* at 477.  Litigants must therefore maintain a "personal stake" in the outcomes of their lawsuits.  *Id.* at 478; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993).

Just as Article III confers jurisdiction, so too does it take jurisdiction away.  For instance, federal courts have no constitutional authority to decide moot cases.

---

[2] Merchant's appointed counsel concedes that "there does not appear to be a sound legal argument against mootness." *Doc. 20* at 2.  Seemingly, the only thing preventing Merchant's counsel from concurring in the request for dismissal or withdrawing the petition is his inability to communicate with Merchant in Antigua and Barbuda. *Id*.

*Rosetti*, 12 F.3d at 1223 (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)); *see also U.S. v. Grape*, 549 F.3d 591, 597 (3d Cir. 2008) (stating that the court had to first "resolve the issue of mootness" before it could exercise jurisdiction). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010).

"[T]he central question in mootness inquiries is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Huber v. Casablanca Indus., Inc.*, 916 F.2d 85, 107 (3d Cir. 1990) (internal quotation marks omitted), *overruled on other grounds by Milwaukee Brewery Workers' Pension Plan v. Jos. Schlitz Brewing Co.*, 513 U.S. 414 (1995). Clearly, the circumstances of the present case have changed dramatically since Merchant first filed his petition. A byproduct of this change is that this Court cannot fashion any "meaningful relief" for Merchant. In his habeas corpus petition, Merchant challenged only his continued detention pending removal and sought only his release. Merchant has since obtained precisely what he desired: his discharge from ICE custody. Any order from this Court directing ICE to release a non-existent detainee would be pointless. Similarly, Merchant no longer retains any "personal stake" in the outcome of his petition precisely because

this Court cannot accomplish anything further for him.  Thus, the petition no longer qualifies as an ongoing "case or controversy" pursuant to Article III and is therefore moot.  *See Mwigamani v. Holder*, 2015 WL 9008577, at *1 (M.D. Pa. 2015) (holding that a habeas corpus petition did not present a case or controversy because the petitioner was no longer in ICE custody); *see also Aziz v. Attorney General U.S.*, 537 F. App'x 56, 57 (3d Cir. 2013) (per curiam) (concluding that petitioner's removal from the United States rendered his habeas corpus petition moot).

### IV.   Recommendation.

Based on the foregoing, **IT IS RECOMMENDED** that Merchant's petition for a writ of habeas corpus (*doc. 1*) be **DISMISSED** as moot.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **18th** day of **April, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge